JANE DOE 1, *et al.*, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORPORATION, *et al.*,

Defendants.

Case No. 1:26-cv-00275

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants University of Maryland Medical System Corporation and University of Maryland Medical Center, LLC (together, "UMMS" or "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby remove this action from the Circuit Court for Baltimore City, Maryland, to the United States District Court for the District of Maryland. Removal is based on the following grounds:

## JURISDICTION AND VENUE

1. The Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d)(2). This action is therefore removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b). This is a class action in which the size of the proposed class exceeds 100 members; there is diversity of citizenship between at least one member of the putative class of plaintiffs and the defendant; and the amount in controversy exceeds $5 million, exclusive of interest and costs.

2. Removal to this Court is proper because the United States District Court for the District of Maryland embraces the Circuit Court for Baltimore City, Maryland, where Plaintiffs filed this action. *See* 28 U.S.C. § 1441(a).

1

## PROCEDURAL HISTORY

3.    On March 27, 2025, Plaintiff Jane Doe 1 filed a class action complaint in the Circuit Court of Baltimore City, Maryland, and on April 3, 2025, Plaintiffs Jane Does 1-6 filed an amended class action complaint in the same court (the "State Court Action"). *See* **Exhibit A**, Complaint ("Compl."); **Exhibit B**, Amended Complaint ("Am. Compl."); **Exhibit C** Docket Information Summary for Case Number C-24-CV-25-002505 (as of January 21, 2026).

4.    Plaintiffs allege that Matthew Bathula, a former employee of UMMS, used the UMMS computer system to access his coworkers' personal and sensitive photographs, videos, and information. Am. Compl. ¶ 1. Plaintiffs allege that UMMS failed "to take reasonable, readily available measures to protect its employees," *id.* ¶ 8, and assert claims for negligence, negligent supervision and retention, negligent security, and intrusion upon seclusion – invasion of privacy, *id.* ¶¶ 138-169.

5.    Plaintiffs seek to represent a class of "[a]ll current and former Medical Center employees whose private personal data was accessed and/or whose privacy was otherwise invaded as a result of Matthew Bathula's unauthorized remote access of Defendants' desktop computers, laptops, web-cams or other electronic devices." *Id.* ¶ 126.

6.    On behalf of themselves and a putative class, Plaintiffs seek "damages, including compensatory, exemplary, and punitive damages," "reasonable litigation and attorneys' fees," "pre- and post- judgment interest, to the extent available," and "such other injunctive and declaratory relief as necessary to protect the interest of [Plaintiffs.]" *Id.*, Prayer for Relief, ¶¶ c-f.

7.    On December 23, 2025, Plaintiffs served a copy of the Amended Complaint and Summons on UMMS. *See* **Exhibit D** (Affidavit of Service).

## TIMELINESS

8.    This Notice of Removal is timely because it is filed within thirty days of service of the

2

Complaint, which occurred on December 23, 2025. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

**GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT**

9. The Court has original jurisdiction under CAFA because (a) the putative class includes more than 100 members; (b) there is minimal diversity of citizenship; and (c) the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d).

10. To be clear, UMMS denies Plaintiff's claims and allegations in the Amended Complaint, the legal theories upon which they are purportedly based, the request for monetary and other relief, and any notion that this case may proceed as a class action. However, all requirements for jurisdiction under CAFA have been met based on Plaintiff's allegations, as explained below. As such, this Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1332(d)(2).

**CLASS SIZE**

11. CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" is 100 or greater. 28 U.S.C. § 1332(d)(2), (5)(B).

12. Plaintiffs seek to represent a class of "[a]ll current and former Medical Center employees whose private personal data was accessed and/or whose privacy was otherwise invaded as a result of Matthew Bathula's unauthorized remote access of Defendants' desktop computers, laptops, web-cams or other electronic devices" and allege that "the Class includes approximately 80 similarly situated members." Am. Compl. ¶¶ 126, 129. Based on its investigation to date, UMMS understands that there are over 100 "current and former Medical Center employees whose private personal data was accessed and/or whose privacy was otherwise invaded as a result of Matthew Bathula's unauthorized remote access of Defendants' desktop computers, laptops, web-cams or other electronic devices." *See* Am. Compl. ¶ 126. Thus, based on the class definition in the Amended Complaint and without waiving any argument against class certification, including that the putative class is not

3

sufficiently numerous, "the number of members of all proposed plaintiff classes in the aggregate" exceeds 100. 28 U.S.C. § 1332(d)(2), (5)(B).

**MINIMAL DIVERSITY OF CITIZENSHIP**

13. CAFA requires the existence of minimal diversity of citizenship, meaning that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). *See also Bird v. Turner*, No. 5:14-CV-97, 2015 WL 3455355, at *3 n.2 (N.D.W. Va. May 29, 2015) (finding minimal diversity met where "at least one of the plaintiffs and at least one of the named defendants are diverse from one another.").

14. Plaintiffs allege that one of the named Plaintiffs, Jane Doe 5, is a resident of North Carolina. Am. Compl. ¶ 13. Natural persons are citizens of the state in which they are domiciled, "which is the state the individual considers her permanent home." *Gambelli v. United States*, 904 F. Supp. 494, 496 (E.D. Va. 1995), *aff'd*, 87 F.3d 1308 (4th Cir. 1996). Therefore, Plaintiff Jane Doe 5 is a citizen of North Carolina, according to the Amended Complaint.

15. Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is where its "officers direct, control, and coordinate the corporation's activities . . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Similarly, the citizenship of a limited liability corporation for purposes of CAFA "is that of the State under whose laws it is organized and the State where it has its principal place of business." *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 704 (4th Cir. 2010).

16. University of Maryland Medical System Corporation and University of Maryland

4

Medical Center, LLC are both organized under the laws of the State of Maryland with their principal places of business in Baltimore, Maryland. Thus, University of Maryland Medical System Corporation and University of Maryland Medical Center, LLC are citizens of Maryland. 28 U.S.C. § 1332(c)(1).

17. Because at least one putative class member is a citizen of a state other than Maryland, there is minimal diversity between the parties. 28 U.S.C. § 1332(d)(2)(C).

**AMOUNT IN CONTROVERSY**

18. CAFA requires that the aggregate amount put in controversy by the action, exclusive of interest and costs, "exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2), (6). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

19. The notice of removal need "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

20. The amount of controversy for purposes of CAFA may be established through "an estimate of the amount that will be put at issue in the course of the litigation." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

21. Although UMMS disputes Plaintiffs' allegations and denies that it is liable to Plaintiffs, and although the Amended Complaint does not make specific monetary demands, it is clear that the amount in controversy in this action exceeds $5 million, exclusive of interest and costs.

22. As noted, based on its investigation to date, UMMS understands that there are over

5

100 individuals in the putative class of current and former UMMS employees "whose private personal data was accessed." Am. Compl. ¶ 126.

23. On behalf of themselves and a putative class, Plaintiffs seek "damages, including compensatory, exemplary, and punitive damages," "reasonable litigation expenses and attorneys' fees," and "other injunctive and declaratory relief as is necessary to protect the interests of Jane Does 1-6 and the Class." *Id.*, Prayer for Relief, ¶¶ c, d, f.

24. Without conceding liability, Plaintiffs' demand places more than $5,000,000 in controversy. Although Plaintiffs do not allege specific amounts they are claiming in damages, Maryland courts enforce a statutory cap of $950,000 on judgments for noneconomic damages in personal injury and wrongful death actions, if the judgment otherwise exceeds that cap. Md. Code Ann., Cts. & Jud. Proc. § 11-108. This cap applies separately to each plaintiff's claim. Assuming Plaintiffs seek even 10% of the statutory cap per class member (and they likely will seek a much higher percentage), with a putative class of even 100 class members, the amount in controversy is $9,500,000—well over $5,000,000.

25. Plaintiffs also demand punitive damages and attorneys' fees, *id.*, Prayer for Relief ¶¶ c, d, which are properly included in the amount-in-controversy calculation and provide further support that the amount-in-controversy requirement is met here. *See Bartnikowski v. NVR, Inc.*, 307 F. App'x. 730, 736 n.12 (4th Cir. 2009); *Chavis v. Fidelity Warranty Serv., Inc.*, 415 F. Supp. 2d 620, 621 n.1 (D.S.C. 2006); *CPI Sec. Sys., Inc. v. Vivint Smart Home, Inc.*, 145 F.4th 390, 407 (4th Cir. 2025) (affirming punitive damages award three times higher than the awarded compensatory damages).

26. As demonstrated by the foregoing, the CAFA amount-in-controversy requirement is easily satisfied. 28 U.S.C. § 1332(d)(2).

## **NOTIFICATIONS**

27. UMMS will promptly provide written notice to Plaintiffs, through counsel, of the

removal, in accordance with 28 U.S.C. § 1446(d).

28.     UMMS will file a copy of its Notice of Removal with the Clerk of the Circuit Court for Baltimore City, Maryland, in accordance with 28 U.S.C. § 1446(d).

### NON-WAIVER AND RESERVATION OF RIGHTS

29.     If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, UMMS reserves the right to remove this action at the appropriate time. *See Skidmore v. Norfolk S. Ry. Co.*, 1 F.4th 206, 210 (4th Cir. 2021).

30.     UMMS reserves all defenses and objections it may have to this action including as to class certification, without conceding either the Amended Complaint's allegations, that Plaintiffs have pleaded claims upon which relief may be granted, or that class certification based on the Amended Complaint or of any putative class is permissible.

WHEREFORE, Defendants University of Maryland Medical System Corporation and University of Maryland Medical Center, LLC respectfully request that the above action now pending in the Circuit Court for Baltimore City, Maryland be removed to the United States District Court for the District of Maryland.  If any question arises as to the propriety of the removal of this Action, UMMS respectfully requests the opportunity to present evidence in support of its position that this case is subject to removal.

 Dated: January 22, 2026

 Respectfully submitted,

*/s/ Hannah Levin*
Hannah Levin (Bar No. 19487)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Telephone:        +1.202.739.3000
Facsimile:        +1.202.739.3001
hannah.levin@morganlewis.com

James P. Ulwick (Bar No. 00536)
Ezra S. Gollogly (Bar No. 28088)
**KRAMON & GRAHAM, P.A.**
750 E. Pratt Street, Suite 1100
Baltimore, MD 21202
P: 410-752-6030
F: 410-539-1269
julwick@kg-law.com
egollogly@kg-law.com

Ezra D. Church (*pro hac vice* forthcoming)
Terese Schireson (*pro hac vice* forthcoming)
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103
Telephone:      +1.215.963.5000
Facsimile:       +1.215.963.5001
ezra.church@morganlewis.com
terese.schireson@morganlewis.com

*Counsel for Defendants University of Maryland Medical System Corporation and University of Maryland Medical Center, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2026, I caused a copy of the foregoing document to be served upon all counsel of record.

*/s/ Hannah Levin*
Hannah Levin