**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JANE DOE 1, *et al.*, individually and on behalf
of all others similarly situated,

       Plaintiffs,

      v.

UNIVERSITY OF MARYLAND MEDICAL
SYSTEM CORPORATION, *et al.*,

      Defendants.

Case No. 1:26-cv-00275

**MEMORANDUM OF LAW IN SUPPORT OF JOINT**
**MOTION TO STAY PROCEEDINGS**

Plaintiffs allege negligence claims against University of Maryland Medical System Corporation and University of Maryland Medical Center, LLC (together, "UMMS" and "Defendants") that arise from the misconduct of a former University of Maryland Medical Center pharmacist, Matthew Bathula, who is currently the subject of a federal criminal investigation. Although Bathula is not a party to this action, the claims and underlying facts at issue in this case are closely intertwined with the facts of the parallel federal criminal investigation into Bathula's conduct, and information significant to the parties' claims and defenses remains in the exclusive possession of the Federal Bureau of Investigation and Department of Justice. Staying this case for an initial period of six months will provide additional time for the criminal investigation to proceed and to allow the parties to work cooperatively to exchange relevant information and narrow the issues in contention. Such a stay is likely to significantly streamline discovery and conserve the resources of the parties and the Court. For these reasons, and as explained more fully below, Plaintiffs Jane Does 1-6 (together, "Plaintiffs") and Defendants University of Maryland Medical System Corporation and University of Maryland Medical Center, LLC (together, the "Parties") respectfully request that this action be stayed for an initial period of six months to permit the criminal investigation to proceed and

4

to allow the parties additional time to investigate, exchange information, and/or narrow the issues in dispute.

## I.   RELEVANT BACKGROUND

On March 27, 2025, Plaintiff Jane Doe 1 filed a class action complaint in the Circuit Court of Baltimore City, Maryland, and on April 3, 2025, Plaintiffs Jane Does 1-6 filed an amended class action complaint in the same court (the "Amended Complaint"). UMMS removed the Amended Complaint to this Court on January 22, 2026. Dkt. 1.

This matter arises from a data security incident allegedly perpetrated by Matthew Bathula, a pharmacist formerly employed by University of Maryland Medical Center. Plaintiffs allege that Bathula used the UMMS computer system to access his coworkers' personal and sensitive photographs, videos, and information. Am. Compl. ¶ 1. The six named Plaintiffs are current and former UMMS employees who proceeded pseudonymously.

Plaintiffs allege that UMMS failed "to take reasonable, readily available measures to protect its employees," *id.* ¶ 8, and assert claims for negligence, negligent supervision and retention, negligent security, and intrusion upon seclusion – invasion of privacy on behalf of themselves and a putative class of similarly situated individuals. *Id.* ¶¶ 138-169.

As set forth in Plaintiffs' Amended Complaint, the Federal Bureau of Investigation ("FBI") "is investigating the incident," and Plaintiffs learned facts underlying the allegations in the Amended Complaint through discussions they had with the FBI. *Id.* ¶¶ 7, 49, 67, 79, 90, 99, 109, 119. However, "[i]mpacted employees still have no idea what all Bathula viewed but did not retain or what he viewed and then disclosed to third parties" and "[b]ecause the FBI only showed [Plaintiffs] samplings of the retained information, victims do not know what Bathula retained." *Id.* ¶ 49.

Upon learning of potential misconduct by Bathula, UMMS made a criminal referral to the FBI in September 2024. Since that time, UMMS has cooperated with the FBI and Department of Justice

("DOJ") to support an ongoing criminal investigation into Bathula.  *See* University of Maryland Medical System, University of Maryland Medical System Statement on Recent Cyber Incident, UMMS News (2025), https://www.umms.org/ummc/news/2025/university-of-maryland-medical-system-statement-on-recent-cyber-incident (last visited Feb. 19, 2026). The FBI and DOJ have likely obtained other information related to the conduct in question.  While the criminal investigation and related proceedings are ongoing, the Parties lack access to information about Bathula's conduct that is in the exclusive possession of the FBI and is important to the claims and defenses in this case.

The Parties have agreed in principle to work cooperatively to exchange available information and to limit the issues in contention to the extent possible.

## II.    ARGUMENT

District courts have broad discretion in deciding whether to stay proceedings.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  In determining whether to stay a civil action in response to a potential criminal proceeding, courts consider the following factors:

> (1) the interest of the plaintiff in proceeding expeditiously with the civil action as balanced against the prejudice to the plaintiffs if delay; (2) the burden on defendants; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest.

*In re Mid-Atlantic Toyota Antitrust Litig.*, 92 F.R.D. 358, 359 (D. Md. 1981).  Courts also consider "the extent to which the issues in the criminal case overlap with those in the civil case." *In re Royal Ahold N.V. Secs. & Erisa Litig.*, 220 F.R.D. 246, 253 (D. Md. 2004) (internal citations omitted).  On balance, these factors counsel in favor of staying this action for an initial period of six months to allow the parties time to exchange information, narrow the issues in contention, and allow the criminal investigation time to proceed.

**A. There is significant overlap between the issues in this action and the parallel criminal investigation into Bathula's conduct.**

There is considerable overlap between the issues and subject matter in this case and those in the criminal investigation into Bathula's conduct.  As detailed above, Plaintiffs' allegations stem from Bathula's allegedly unauthorized access and/or his acquisition of UMMS's data and IT systems to access sensitive data of Plaintiffs.  The allegations in the Amended Complaint are based on interviews of the Plaintiffs conducted by the FBI in the context of the criminal investigation into Bathula's conduct.  However, "[b]ecause the FBI only showed [Plaintiffs] samplings of the retained information, victims do not know what Bathula retained."  Am. Compl. ¶ 49.  Moreover, UMMS was not present or privy to those interviews, and Plaintiffs' claims are therefore based on some information currently unknown to UMMS. Certain important information regarding Bathula's conduct is unlikely to become available to the Parties while the criminal investigation remains ongoing.  The two actions will therefore likely materially overlap in evidence, witnesses, and questions of fact, with much of this information currently in the exclusive possession of the Government. *Commodity Futures Trading Comm'n v. Jali*, No. GJH-20-2492, 2021 WL 2226174, at *3 (D. Md. June 1, 2021) (granting a motion to stay where there was overlap in factual allegations and the evidence and witnesses presented at both proceedings would likely overlap); *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 531 (S.D. W. Va. 2005) (granting a motion to stay where there were "substantially similar issues" between the parallel criminal and civil cases).

**B. No party will be prejudiced by the stay.**

Given the circumstances described above, all Parties' interests would be better served by permitting the criminal investigation into Bathula's conduct to proceed and by giving the Parties additional time to attempt to narrow the issues before the Court.  The criminal proceeding against Bathula will likely reveal important evidence currently unavailable to both Plaintiffs and UMMS, and

staying this case pending the outcome of the criminal investigation will save the Parties from duplicative work and costs, especially given that an Amended Complaint has yet to be filed and discovery has not yet begun. The Parties therefore agree that an initial six-month stay is both appropriate and in their respective interests.

It is UMMS's position that UMMS would be prejudiced absent a stay because evidence it needs to meaningfully participate in discovery and defend itself in this case is in the exclusive possession of the government and is not expected to be available to UMMS until completion of the criminal proceeding.  Plaintiffs' claims hinge on Bathula's actions at, and potentially outside of, UMMS.  Therefore, evidence and testimony related to Bathula's conduct—information that will be largely inaccessible to UMMS during the pendency of the criminal investigation—is imperative to UMMS's defenses in this case, and being required to defend itself without access to this critical information would cause significant burden for UMMS.  UMMS also notes that courts have found a stay warranted where "the civil case involves the same events and common facts, related witnesses, and the materials disclosed during the civil discovery would hinder an ongoing criminal investigation." *United States v. VIN:WP1AD2A26DLA72280*, No. 2:13-cv-636, 2014 WL 289379, at *2 (M.D. Fla. Jan. 27, 2014).

Plaintiffs note that any prejudice to Defendants must be balanced against their due process rights promptly to vindicate their civil claims.  "Because of the frequency with which civil and regulatory laws overlap criminal laws, American jurisprudence contemplates the possibility of simultaneous or virtually simultaneous parallel proceedings and the Constitution does not mandate the stay of civil proceedings in the face of parallel criminal proceedings." *Ashworth*, 229 F.R.D. at 530.  While civil proceedings may appropriately be stayed for limited periods in certain circumstances, unlimited stays or stays based upon speculative criminal investigations are not appropriate. *See Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379–80 (4th Cir. 2013).  In

addition, general assertions that a civil proceeding would "interfere" with a criminal prosecution is insufficient to support a stay. *See Scott v. Winters*, No. 2:22-CV-00419, 2023 WL 113741, at *2 (S.D.W. Va. Jan. 5, 2023).

Nonetheless, the Parties agree that a stay for an initial period of six months would not prejudice either side and is appropriate given the various interests involved.

### C. A stay of this action will not inconvenience the Court.

A stay of this action would not inconvenience the Court and would, in fact, reduce the unnecessary expenditure of judicial resources. As demonstrated above, there is significant overlap between the issues in this action and the actions of Bathula that are the subject of a federal criminal investigation. Allowing time for the parallel criminal investigation to proceed, and the parties to attempt to narrow the issues before the Court, will significantly streamline discovery in this matter to the convenience of the Parties and the Court. *See Ashworth*, 229 F.R.D. at 532 (finding that considerations of judicial economy favor a stay where "the resolution of the criminal case may later streamline discovery in the civil case" and noting that allowing a criminal case to proceed would "ultimately inure to the plaintiff's benefit.") (internal citations omitted).

Further, courts within the Fourth Circuit have granted stays "where no discovery has occurred and no other motions have been filed." *See Blanda v. Martin & Seibert, L.C.*, No. 2:16-0957, 2017 WL 63027, at *8 (S.D.W. Va. Jan. 5, 2017). The fact that no discovery has yet occurred and no motions, other than Plaintiffs' motion for remand, have been filed further supports a stay.

### D. The interests of third-party persons and the public weigh in favor of granting a stay.

The Parties are unaware of any non-party who would be materially affected by a stay in these proceedings. Further, granting a temporary stay of these proceedings will not harm the public interest. Indeed, "a stay in this case would benefit the public by allowing the Government to conduct a

complete, unimpeded investigation into potential criminal activity." *Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 529 (D.N.J. 1998).

## III.    CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court grant their Joint Motion to Stay and issue a stay of this action for an initial period of six months.  Prior to the expiration of the requested stay, the Parties will file a joint status report advising the Court of the status of the criminal proceedings and regarding the Parties' respective positions on whether the stay should be extended.

Dated: February 23, 2026

Respectfully submitted,

*/s/ Hannah Levin*
Hannah Levin (Bar No. 19487)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Telephone: +1.202.739.3000
Facsimile: +1.202.739.3001
hannah.levin@morganlewis.com

James P. Ulwick (Bar No. 00536)
Ezra S. Gollogly (Bar No. 28088)
**KRAMON & GRAHAM, P.A.**
750 E. Pratt Street, Suite 1100
Baltimore, MD 21202
P: 410-752-6030
F: 410-539-1269
julwick@kg-law.com
egollogly@kg-law.com

Ezra D. Church (*pro hac vice*)
Terese Schireson (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
ezra.church@morganlewis.com
terese.schireson@morganlewis.com

10

*Counsel for Defendants University of Maryland Medical System Corporation and University of Maryland Medical Center, LLC*

/s/ Steven J. Kelly

Steven J. Kelly (Bar No. 27386)
**GRANT & EISENHOFER P.A.**
3600 Clipper Mill Road, Suite 1240
Baltimore, MD 21211
Telephone: 443-791-1886
Facsimile: 302-622-7001
skelly@gelaw.com

M. Elizabeth Graham (*pro hac vice*)
Caley DeGroote (*pro hac vice*)
**GRANT & EISENHOFER P.A.**
123 S. Justison Street
Wilmington, DE 19801
Telephone: 443-791-1886
Facsimile: 302-622-7001
egraham@gelaw.com
cdegroote@gelaw.com

*Counsel for Plaintiffs Jane Does 1-6*

11